IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 14, 2005 Session

TENNESSEE FARMERS LIFE REASSURANCE COMPANY v. LINDA S. ROSE, ET AL.

Appeal from the Chancery Court for Morgan County
No. 03-196     Frank V. Williams, III, Chancellor

No. E2005-00006-COA-R3-CV  - FILED MARCH 17, 2006

Tennessee Farmers Life Reassurance Company ("Tennessee Farmers") brought this interpleader action seeking judicial guidance as to the person or persons entitled to receive benefits under a policy of insurance insuring the life of Brenda Gail Langley ("the deceased"). The deceased designated three of her four children and a grandchild as the beneficiaries of the policy; however, prior to the deceased's death, her sister, Linda Sue Rose, acting under her authority as attorney in fact for the deceased, changed the beneficiary of the policy to herself. After the death of the deceased, Ms. Rose, the three children, and the deceased's grandchild, Ethan E. Langley, all asserted rights to the proceeds of the subject policy. The trial court granted summary judgment to the deceased's children and grandchild, finding that they were entitled to the proceeds because – as found by the trial court – Ms. Rose did not have the authority under the deceased's power of attorney to change the beneficiary on the policy. Ms. Rose appeals. We affirm.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., joined. D. MICHAEL SWINEY, J., filed a separate dissenting opinion.

Paul T. Coleman, Vivian Crandall, and Irmie K. Blanton, III, Knoxville, Tennessee, for the appellant, Linda S. Rose.

Jennifer E. Raby, Rockwood, Tennessee, for the appellees, Kristin N. Taylor, Edward R. Langley, Phillip M. Langley, and Ethan E. Langley.

**OPINION**

I.

Kristin N. Taylor, Edward R. Langley, and Phillip M. Langley are three of the four children of the deceased. Ethan E. Langley is the child of Edward R. Langley. On October 20, 1999, the deceased took out a $50,000 policy of insurance on her life with Tennessee Farmers. The deceased designated the above-named children and grandchild as the beneficiaries of the policy. The policy provides that the beneficiaries are to share equally in the proceeds; it reserves to the deceased the right to change the beneficiary.

In August, 2002, the deceased executed a durable power of attorney, naming her sister, Ms. Rose, as her attorney in fact. The relevant portions of the power of attorney are as follows:

> I, [the deceased], . . . do hereby appoint and constitute **LINDA SUE ROSE**, my true and lawful attorney for me and in my name and on my behalf:
>
> * * *
>
> . . . to transact all insurance business on my behalf, to apply for or continue policies, collect profits, file claims, make demands, enter into compromise and settlement agreements, file suits or actions and take any other action necessary or proper in this regard;
>
> * * *
>
> Giving and granting unto the said LINDA SUE ROSE, my said attorney, full power and authority to do, execute and perform all and every other act and thing whatsoever, without any limitation whatever and without being confined to the specific acts hereinabove set out, requisite or necessary to be done in and about the premises as fully and to all intents and purposes as I might or could do and I hereby ratify and confirm all that LINDA SUE ROSE, my said attorney, shall lawfully do or cause to be done by virtue of these presents, and for me and in my name and on my behalf.

(Capitalization and bold print in original). In October, 2002, Ms. Rose, operating under her authority as the deceased's attorney in fact, contacted the deceased's insurance agent and executed the necessary documents to change the beneficiary on the Tennessee Farmers' policy from the children and grandchild of the deceased to Ms. Rose. She claims that the deceased, out of frustration with her children and their lack of concern for her, requested that Ms. Rose change the beneficiary designation to herself. In November, 2002, the deceased executed a will, giving $100 to each of her children while leaving the remainder of her estate to Ms. Rose. The deceased died on March 29,

2003. Five days later, Ms. Rose filed a claim for the proceeds of the Tennessee Farmers' policy. The deceased's children and grandchild later filed their own claims.

Tennessee Farmers, recognizing that it was faced with multiple competing claims, initiated this interpleader action pursuant to Tenn. R. Civ. P. 22. The original beneficiaries of the policy – the deceased's children and grandchild – answered the complaint, arguing that Ms. Rose was not entitled to the proceeds because (1) the deceased's execution of the power of attorney was brought about by duress, coercion, control, and undue influence exercised by Ms. Rose, or alternatively, because (2) Ms. Rose violated her fiduciary duty, as attorney in fact, by changing the beneficiary designation on the deceased's life insurance policy. The deceased's children and grandchild thereafter filed a motion for summary judgment, contending that Ms. Rose did not have the authority under the power of attorney or otherwise to change the beneficiary designation on the policy. They argued that the deceased's power of attorney did not "explicitly grant [such] power in the instrument itself." Ms. Rose responded to the motion by arguing that the power of attorney's general grants of power (*i.e.,* "to transact all insurance business" and "to do, execute and perform all and every other act and thing whatsoever") authorized her to change the beneficiary designation.

Following a hearing on the motion for summary judgment, the trial court found the motion to be well taken,

> in that [Ms. Rose] did not have the specific authority under the Durable General Power of Attorney executed by [the deceased] to execute a change of beneficiary form applicable to the life insurance policy at issue.

The trial court held that the change of beneficiary executed by Ms. Rose was "ineffective" and that the deceased's children and grandchild were entitled to the proceeds from the policy. In anticipation of Ms. Rose's appeal, the trial court stayed the distribution of the proceeds, ordering Tennessee Farmers to pay the amount due, plus interest, into the registry of the trial court. Ms. Rose appeals.

II.

Ms. Rose raises issues which essentially present the following questions:

> 1. Did the power of attorney vest Ms. Rose with the authority to change the beneficiary on her sister's policy?
>
> 2. Are there genuine issues of material fact rendering summary judgment inappropriate?

III.

Our standard of review of the trial court's grant of summary judgment is purely one of law; accordingly our review is *de novo*, with no presumption of correctness attaching to the trial court's judgment. **Robinson v. Omer**, 952 S.W.2d 423, 426 (Tenn. 1997). We must decide anew "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04; *see also* **Staples v. CBL & Assocs., Inc.**, 15 S.W.3d 83, 88 (Tenn. 2000). In determining whether summary judgment is appropriate, we "must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor." **Staples**, 15 S.W.3d at 89.

IV.

Two paragraphs of Ms. Rose's brief serve to encapsulate her basic position in this case:

> The trial court did not properly consider how [the deceased] wished her money to be spent, her last will and testament that essentially disinherited her children, whether or not [the deceased] had ordered or requested Ms. Rose to perform the change of beneficiary, and facts relevant to the state of mind and the desires of the [deceased]. The trial court did not give weight to any of these issues of fact. Therefore, as several key issues of fact had yet to be resolved, the matter was not ripe for summary judgment.

> The trial court also failed to view the evidence in the light most favorable to . . ., Ms. Rose, the nonmoving party, and failed to draw all reasonable inferences in Ms. Rose's favor. It simply applied a hyper-technical construction of the statutes to negate the effect of the language of the [deceased's] Power of Attorney. Under the circumstances, when both the facts and the inferences to be drawn from the facts are considered, a reasonable person could come to the conclusion that Ms. Rose acted on behalf of [the deceased] with full authority, therefore, validating her action to change the beneficiaries of the Policy.

V.

The Tennessee version of the Uniform Durable Power of Attorney Act is found at Tenn. Code Ann. § 34-6-101 *et seq.* (2001). Tenn. Code Ann. § 34-6-109 provides, in relevant part, as follows:

Without diminution or restriction of the powers vested in the attorney at law, by law or elsewhere in the instrument, and subject to all other provisions of the instrument, the attorney in fact, without the necessity of procuring any judicial authorization therefor, or approval thereof, shall be vested with and in the application of such attorney in fact's best judgment and discretion on behalf of the principal shall be authorized to exercise the powers specifically enumerated in this section:

(1) Generally do, sign or perform in the principal's name, place and stead any act, deed, matter or thing whatsoever, that ought to be done, signed or performed, or that, in the opinion of the attorney in fact, ought to be done, signed or performed in and about the premises, of every nature and kind whatsoever, to all intents and purposes whatsoever, as fully and effectually as the principal could do if personally present and acting. The enumeration of specific powers hereunder shall not in any way limit the general powers conferred here;

\* \* \*

(5) Acquire, maintain, cancel or in any manner deal with any policy of life, accident, disability, hospitalization, medical or casualty insurance, and prosecute each claim for benefits due under any policy;

Tenn. Code Ann. § 34-6-109(1), (5). The preceding code section, Tenn. Code Ann. § 34-6-108 provides, in pertinent part, as follows:

(a) Upon the principal clearly expressing an intention to do so within the instrument creating a power of attorney, the language contained in § 34-6-109 may be incorporated into such power of attorney by appropriate reference. The provisions so incorporated shall apply to the attorney in fact with the same effect and subject to the same judicial interpretation and control in appropriate cases, as though such language were set forth verbatim in such instrument.

(b) Nothing contained in this section and § 34-6-109 shall be construed to limit the power of the principal either to:

(1) Grant any additional powers to the attorney in fact, including any powers otherwise excluded under subsection (c); or

(2) Delete any of the powers otherwise granted in § 34-6-109.

(c) Nothing contained in this section and § 34-6-109 shall be construed to vest an attorney in fact with, or authorize an attorney in fact to exercise, any of the following powers:

* * *

(5) Change beneficiary designations on any death benefits payable on account of the death of the principal from any life insurance policy, employee benefit plan, or individual retirement plan;

When these two code provisions – which are *in para materia* – are read together, certain things become obvious. First, unless a power of attorney states to the contrary, an attorney in fact is vested, under the provisions of Tenn. Code Ann. § 34-6-109(5), with the power to "[a]quire, maintain, cancel or in any manner deal with any policy of life, . . . insurance, and prosecute each claim for benefits due under any policy." Second, *if* an attorney in fact's power is dependent upon the grant of authority set forth in Tenn. Code Ann. § 34-6-109(5), that power does *not* include the power to change the beneficiary of the principal's life insurance. That is clear from the language of Tenn. Code Ann. § 34-6-108(c)(5). Third, if the power of attorney does not incorporate, by reference, the power set forth in Tenn. Code Ann. § 34-6-109(5), *but* does address the subject of life insurance in language that is designed to preempt, and substitute for, the power set forth in Tenn. Code Ann. § 34-6-109(5), the language of the power of attorney controls the subject matter of life insurance. This proposition follows from the language of Tenn. Code Ann. § 34-6-109, which provides that the statute is

> [w]ithout diminution or restriction of the powers vested in the attorney at law, by law or elsewhere *in the instrument*, and subject to all other provisions of the instrument, . . . .

(Emphasis added). Finally, a principal, in the power of attorney instrument, can vest in his or her attorney in fact the power to change the beneficiary on the principal's life insurance. *See* Tenn. Code Ann. § 34-6-108(b)(1).

The language of the deceased's power of attorney clearly and unambiguously recites the powers of the attorney in fact with respect to the deceased's life insurance.

> [T]or transact all insurance business on my behalf, to apply for or continue policies, collect profits, file claims, make demands, enter into compromise and settlement agreements, file suits or actions and take any other action necessary or proper in this regard.

Therefore, the language of the power of attorney governs as to whether Ms. Rose possessed the authority to change the beneficiary designation on the deceased's life insurance policy. This is because it is clear to us that the language of the power of attorney regarding insurance preempts and substitutes for the statutory grant of power regarding insurance set forth in Tenn. Code Ann. § 34-6-109(5). In this connection, we note that there is nothing in the language of the power of attorney, just quoted, that *specifically* authorizes Ms. Rose to change the beneficiary designation to herself or, for that matter, to anyone else. The "beneficiary" designation under the policy is not mentioned.

The general rule dealing with the interpretation of the language of a power of attorney is stated in *American Jurisprudence*:

> [A] power of attorney must be strictly construed. *The instrument will be held to grant only those powers which are specified, and the act done must be legally identical with that authorized to be done.* A court cannot imply authority of an attorney-in-fact that the power of attorney itself does not express.
>
> \* \* \*
>
> Where power is conferred on an agent by a power of attorney, the meaning of general words in the instrument is restricted by the context and construed accordingly and the authority given is construed strictly, so as to exclude the exercise of any power that is not warranted either by the terms actually used or as a necessary means of executing with effect the authority given. Accordingly, a general clause in a power of attorney given for a specific purpose, authorizing the agent to do "any and every act" in the principal's name which he could do in person, must be construed to relate to the specific purpose, and does not constitute such agent a general agent.
>
> \* \* \*
>
> [T]he nature and extent of the authority conferred by a power of attorney are to be determined from an inspection of the instrument itself. In case of doubt, however, reference may be had to the situation of the parties and property, usages of the country on such subjects, the acts of the parties themselves, and any other circumstance having a legal bearing and throwing light on the question.

3 Am.Jur. 2D *Agenc*y §§ 28, 29, 32 (2002) (emphasis added).

This is not a "case of doubt." It is clear to us that the subject power of attorney, "strictly construed," does not include the power to change the beneficiary on the deceased's $50,000 life insurance policy, either in the language dealing with insurance or in the general grants of powers in the instrument. We note that the deceased did not stop after the general language – "to transact all insurance business on my behalf" – but rather went further and stated a number of specific tasks. While several specific functions are expressly referred to, there is no mention made of changing the beneficiary of the policy. We cannot read into the power of attorney that which is not there.

Ms. Rose argues that – assuming the power of attorney is found not to include, on its face, the power to change the beneficiary – there is extrinsic evidence of facts in the record creating genuine issues of material fact which render summary judgment inappropriate. She points to the following facts:

> 1. The deceased, being dissatisfied with her children, orally asked Ms. Rose to change the beneficiary designation to herself.
>
> 2. On November 11, 2002, the deceased signed a will "witnessed by three independent witnesses" granting each of her children $100 and nothing else with the balance of the estate to go to Ms. Rose.

This misses the point. The issue is not how the deceased felt about her children, and, we suppose, inferentially, about her grandchild, *at the time Ms. Rose changed the beneficiary designation*. Furthermore, the issue is not how the deceased disposed of her property at her death.[1] These matters are not material to the issue before us and hence not an impediment to a grant of summary judgment. The sole issue before us is whether the power of attorney – within its four corners – grants Ms. Rose the power to change the beneficiary designation on the $50,000 policy. We are not dealing with an ambiguous power of attorney which requires a reference to extrinsic evidence to render the meaning of its language clear. The language is clear; there is nothing in the power of attorney that specifically gives Ms. Rose the power to change the beneficiary. The general grants of power cannot be construed as *adding* the specific power to change the beneficiary on the principal's life insurance, especially where, as here, the principal referred to several specific powers dealing with insurance – "apply for or continue policies, collect profits, file claims, make demands, enter into compromise and settlement agreements, file suits or actions" – without mentioning the power to change the beneficiary.

VI.

The judgment of the trial court is affirmed. This case is remanded to the trial court for enforcement of the trial court's judgment and for the collection of costs assessed below, all pursuant to applicable law. Costs on appeal are taxed to the appellant, Linda Sue Rose.

---

[1]While not particularly material, the record does not reflect whether the will has been offered for probate.

_____
CHARLES D. SUSANO, JR., JUDGE